**United States District Court**
Eastern District of North Carolina
Western Division

FILED

APR 03 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Case No. 5:25-CT-3071-M

(To be filled out by Clerk's Office only)

Keith Cureton, Jr.
_____

Inmate Number 1247387

*(In the space above enter the full name(s) of the plaintiff(s).)*

**COMPLAINT**

-against-

(*Pro Se* Prisoner)

Assistant Unit Manager
Joshua Barnes; Former secretary Todd E. Ishee; Deputy
Secretary Brandeshawn Harris; Director Pete Buchholtz;
Executive Director Kimberly D. Grande; Associate warden/superintendent
John R. Gray; Warden Stephen Waddell; Superintendent Antonio L. Ingram;

Jury Demand?
☑ Yes
☐ No

"See attached"

*(In the space above enter the full name(s) of the defendant(s). If you cannot*
*fit the names of all of the defendants in the space provided, please write*
*"see attached" in the space above and attach an additional sheet of paper*
*with the full list of names. The names listed in the above caption must be*
*identical to those contained in Section IV. Do not include addresses here.)*

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

### • JURISDICTION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. section 1983. This court has jurisdiction under 28 U.S.C. sections 1331 & 1343. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. section 1367. Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. section 2201.

# ATTACHED DEFENDANTS

Superintendent Bradley N. Fields; captain Robert J. Burgess; captain christopher L. Martin; Unit Manager Stephen D. Fonville, Unit Manager Domanick D. Smith, Assistant Unit Manager Michael Arthur; captain Reggielotte Coley; Sergeant Patrick Ghere; Sergeant (FNU) Holmes; Correctional officer Nathaniel Greene; Case manager/programmer Charles Crandell; P.R.E.A. Administrator for NCDAC (John or Jane Doe); Lieutenant (FNU) Lewis; All in their individual & in their official capacities being sued.

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Keith Cureton, Jr.
Name

1247387
Prisoner ID #

℅ Maury Correctional Institution
Place of Detention

2568 Moore Rouse Road
Institutional Address

Hookerton                    North Carolina          28538-7276
City                         State                    Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee    ☐ State    ☐ Federal

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Joshua Barnes__
Name

__Assistant Unit manager__
Current Job Title

__2568 Moore Rouse Road__
Current Work Address

__Hookerton__     __North Carolina__     __28538-7276__
City                      State             Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendant 2: __Todd E. Ishee__
Name

__? (but was Secretary of NCDAC prisons)__
Current Job Title

__?__
Current Work Address

__?__             __?__             __?__
City                      State             Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

## Defendant(s) Continued

Defendant 3: <u>Brandeshawn Harris</u>
Name

<u>Deputy secretary of NCDAC prisons</u>
Current Job Title

<u>831 west Morgan street</u>
Current Work Address

<u>Raleigh</u>      <u>North Carolina</u>      <u>27603-1659</u>
City                State              Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendant 4: <u>Pete Buchholtz</u>
Name

<u>Director of NCDAC prisons</u>
Current Job Title

<u>831 west Morgan street</u>
Current Work Address

<u>Raleigh</u>      <u>North Carolina</u>      <u>27603-1659</u>
City                State              Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

• At all times mentioned in this complaint, each defendant acted under color of state law.

✳ SEE ATTACHED FOR CONTINUE OF DEFENDANT(S) INFORMATION

Case 5:25-ct-03071-M-RJ     Document 1     Filed 04/03/25     Page 5 of 15

## ATTACHED
## IV. DEFENDANT(s) INFORMATION
### CONTINUED

Defendant 5: Kimberly D. Grande
Executive Director for IGRB
2020 Yonkers Road
Raleigh, North Carolina
Capacity in which being sued: Both

Defendant 6: John R. Gray
Associate Warden/superintendent
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 7: Stephen Waddell
Warden
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 8: Antonio L. Ingram
Superintendent for programs
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 9: Bradley N. Fields
Superintendent for custody & operations
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 10: Robert J. Burgess
Captain
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both
Defendant 11: christopher L. Martin
Captain
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both
Defendant 12: Reggielette cOley
Captain
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both
Defendant 13: (FNU) Lewis
Lieutenant
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both
Defendant 14: Stephen D. Fonville
Unit Manager
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Page 2 of 4

Defendant 15: Domanick D. Smith
Unit Manager
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 16: (FNU) Holmes
Sergeant
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 17: Patrick Ghere
Sergeant
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 18: Nathaniel Greene
SRG Correctional officer
2568 Moore Rouse Road
Hookerton, North Carolina 28538-7276
Capacity in which being sued: Both

Defendant 19: Charles Crandell
Case manager/programer
2568 Moore Rouse Road
Hookerton, North Caroling 28538-7276
Capacity in which being sued: Both

Page 3 of 4

Defendant 20: Michael Arthur

      Assistant Unit Manager

      2568 Moore Rouse Road

      Hookerton, North Carolina 28538-7276

      Capacity in which being sued: Both

Defendant 21: John or Jane Doe

      P.R.E.A. Administrator for NCDAC

      ?

      ?

      Capacity in which being sued: Both

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Maury Correctional Institution, C-pod, Blue Unit

Date(s) of occurrence: September 8, 2023

State which of your federal constitutional or federal statutory rights have been violated:

1st Amendment right to freedom of expression & Association, 4th Amendment right to Privacy, 8th Amendment right to be free & safe from cruel & unusual punishments; P.R.E.A. of 2003; V.A.W.A. of 2013; United states Title Code 18 sections 241 & 242; Torts of intentional infliction of emotional/or mental dis tress & failure to protect under the laws of North Carolina.

State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.

FACTS:

On or about 9/8/23 on Blue unit at Maury C.I., there was a code called on the intercom for "staff assistant" in B-pod, staff responded & escorted out the offenders involved to restrictive housing (the hole). At this time, I was housed in C-pod; C-pod had nothing to do with the situation that happen in B-pod, yet after officials took care of the situation in B-pod, officials, mainly Assistant unit manager (Asst. U/m) Barnes & other staff members came in C-pod & started to antagonize, harass, oppress, & discriminated against us offenders in C-pod by telling us to lockdown for no reason & never told A-pod to lockdown before, during, or even after everything happen in B-pod. I was currently taking a

> Who did what to you?

shower upstairs in C-pod. Defendant Ghere saw I was covered in soap & said to me he was going to give me a minute to wash the soap off. He got on his radio & told the control booth officer to turn the shower back on for me. Asst. U/m Barnes then came back in C-pod again; him & I exchanged words with each other before he came upstairs to the shower I was in & had other officials &/or staff come up to the shower I was at with him, then he got on his radio & told whoever was in control of the cameras to turn the cameras off. These officials that was in the shower with me while I was naked & who invaded my privacy were SRG (security Risk Group) officer Greene, sergeant Ghere, sergeant (sgt) Holmes, Unit manager (U/m) Fonville, Asst. U/m Barnes, captain Martin, U/m smith, & case manager Crandell. Defendant Barnes then pulled off the white sheet that was over the shower's curtain, knocking my clean clothes I had to put on after my shower on the wet dirty ground in the shower getting it all wet. Defendants Barnes & Martin was the main ones being the most aggressive & threatening to use force on me. Program staff members (case managers) of females & Males, even the superintendents

Case 5:25-ct-03071-M-RJ    Document 1    Filed 04/03/25    Page 10 of 15

Mr. Ingram, Mr. Gray, Mr. Fields, & the P.C.M. (PREA Compliance Manager) Captain Burgess was

all in the pod looking at what was transpiring with me in the shower but all failed to intervene in

What happened to you?

&/or stop the excessive force & sexual harassment & assault that transpired with defendant

Barnes & me. Defedant Barnes then invaded my privacy even more by opening the shower's

curtain wide open exposing my complete nakedness to all the female program staff members,

female nurses, female officers, the offender in c-pod, & officers that was currently in the shower

with me. Defendant Barnes then pulled out his taser & pointed it at me, about to tase me with it saying to me

"Bitch, I'm a tase your ass.", defendant Martin told Barnes not to tase me while I was wet in the shower

in water, but then told defendant Barnes to pull out his O.C. spray & spray me in the face with it.

Once I heard this I turned around with my back to all them & raised my hands in surrender. Defendant

Barnes said "what are you doing?", I said "I'm surrendering, submitting to the cuffs (handcuffs) & want

the cameras to see I got my hands raised with nothing in them or making no attempts to assault staff."

Defendant Barnes then sprayed me in the back of my head on the right side of my face in my right eye

When did it happen to you?

while I had my back towards him & the others with my hands raised in surrender & no

threat to anyone or myself. After he sprayed me he started to put handcuffs on me while

I still had my hands raised in surrender & naked. Defendant Barnes then, threw me &/or slammed

me in the corner wall of the shower for no reason so him & I can be off camera & whisper to me in my ear & said to

me "You my bitch now.", & bushed his penis through his pants up against my exposed buttocks, & while putting

the handcuffs on my right hand behind my back took his finger & stuck it in my anus, I immediately yelled

to all officials & staff members present in C-pod "HELP, I NEED HELP, he put his finger in my butt, P.R.E.A,

P.R.E.A., I request to speak with an P.R.E.A. officer." But, all the officials & staff members was gross-derelict

in my plea for help & deliberate indifference to it also by ignoring &/or disregarding my plea for help &

just laughed at me &/or did nothing. Defendant Barnes then took the white sheet that he

Where did it happen to you?

knocked to the wet dirty ground in the shower & wrapped me up in it while I was

still naked. while I was leaving the shower I tripped & fell on the white sheet that was

around me, none of the officials or staff member tried to pick me up &/or help me to my

feet, defendant Barnes said while he kicked me in my back on the ground "Get up bitch." Once I

was able to get up on my own without any help from staff &/or officials, they paraded me to my

assigned cell which was C-48, once there, defendant Barnes push me in my cell, defendants Cohen &

Holmes both came in my cell with defendant Barnes while defendant Fouille stood by at the entrance

of the cell door with the door still wide open for everyone to see. Defendant Barnes then took the white sheet from around my naked body exposing my nakedness yet again from the inside of my cell to everyone who

<div style="border:1px solid">What was your injury?</div>

watched still from downstairs, & offenders from their cell windows. Defendant Barnes started then to antagonize & taunt me telling me to put my clothes on while I got handcuffs on behind my back. I told him he was still antagonizing me & he started laughing until Ym Fonville was the only one who told defendant Barnes to cut it out & take the handcuffs off me so I can put my clothes on. After that, I was escorted to the hole. Upon information & belief, it took so long for me to file this grievance cause multiple NCDAC employees/agents kept throwing them away, ignoring them, disregarding them &/or not responding to them. Once my grievance was filed the individual who responded to my step-1 but shouldn't have responded was defendant smith & defendant Fields responded to step-2 but shouldn't also, cause I alleged they was either involved in it or was present but failed to intervene &/or stop the excessive force &/or sexual assault & harassment on me by defendant Barnes; upon information & belief, defendants smith & Fields did this as a form of retaliation for me filing the P.R.E.A. grievance on them & to commit Spoilation of evidence to support my grievance. Defendants Grande, Ishee, Buchholtz, Harris, waddell, & P.R.E.A. Administrator for NCDAC was deliberate indifference &/or supervisory indifference &/or implied authorization of subordinates' misconduct towards me, cause I had wrote them all asking &/or seeking help from them about this incident, but they all ignored me &/or disregarded my plea for help, even allowing upon information & belief, P.C. M(s) Captain Burgess & captain Coley to appoint Ym smith & superintendent Field to be the one who respond &/or investigate my P.R.E.A. grievance I had put on them. After I told them all in a letter before this happen that someone from their office & not no one from Maury C.I. should & need to investigate my P.R.E.A. due to officials &/or staff at Maury C.I. will compromise the integrity of the investigation from the very start of it which is what happen. Upon information & belief, all defendants even tried to maintained & tolerated a "code of silence" about this incident & fabricated their report &/or statements to avoid disciplinary action, including dismissal, be brought up on criminal charges or incur civil liability. All defendants conspired to deprive me of my rights, by also retaliating &/or refusing to transfere me from Maury C.I. to another prison after I requested it multiple times to avoid the on-going campaign of harassment that Maury C.I. officials &/or staff have started on me for filling my P.R.E.A. grievance on most if not all the supervisory officials for Maury C.I. & NCDAC, & to avoid the on-going pain & suffering of emotional &/or mental distress of having to be around individuals of the opposite sex who seen me naked laugh at me &/or having to be reminded everyday at Maury C.I. I was publicly humiliated. My injuries was I was publicly demeaned, degraded, humiliated, embarrassed, blurred vision, burning skin for 2 weeks, back pain, loss of a janitor job, loss of wages, anal pain & suffering, foot pain, loss of reputation, insomnia, chronic PTSD & depression, & re-accuring nightmares of this incident.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?　　☑ Yes　　☐ No

    If no, explain why not:

_____

_____

_____

_____

Is the grievance process completed?　　☑ Yes　　☐ No

    If no, explain why not:

_____

_____

_____

_____

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

A declaratory judgment that the acts & omissions describe herein violated Plaintiff's right under the constitution & laws of the United States & North Carolina, United States Title Code 18 section 241 & 242, Prison Rape Elimination Act (P.R.E.A) of 2003, & Violance Against Women Reauthorization Act (VAWA) of 2013. Compensatory damages in the amount of $1,000,000.00 against each defendant, jointly & severally. Punitive damages in the amount of more than $25,000.00 against each defendant. Nominal damages against each defendant. A injunction ordering &/or uses of advance smart body cameras on all prison official's & staff's uniforms. A jury trial on all issues triable by jury, Plaintiff's cost & fee in this suit, & any additional relief this court deems just, proper & equitable.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other <u>lawsuits</u> in state or federal court while a prisoner?　　☑ Yes　☐ No

If yes, how many? ____3____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Keith Cureton, Jr. v. Jamese M. Vigus, United States District Court Eastern District of North Carolina Western Division, 5:22-CT-3180-M, 555 Prisoner Petitions (Prison condition), dismissed.

Keith Cureton, Jr. v. John R. Gray, et al., United States District Court Eastern District of North Carolina Western Division, 5:22-CT-3329-BO, 555 Prisoner Petitions (Prison Condition), dismissed.

Keith Cureton, Jr. v. Todd E. Ishee, et al., United States District Court Eastern District of North Carolina Western Division, 5:25-CT-3058-M, 555 Prisoner Petitions (Prison condition), screening process (still pending).

Case 5:25-ct-03071-M-RJ　　Document 1　　Filed 04/03/25　　Page 14 of 15

## IX. PLAINTIFF'S CERTIFICATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

3/30/25
Dated

*Keith Cureton II*
Plaintiff's Signature

Keith Cureton, Jr.
Printed Name

1247387
Prison Identification #

2568 Moore Rouse Road    Hookerton    North Carolina 28538-7276
Prison Address            City          State    Zip Code

• VERIFICATION

Pursuant to 28 U.S.C. §1746, I, Keith Cureton, Jr., declare & verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing & that it is true & correct to the best of my knowledge & belief.